UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

JOSE AMODOL and DENISE AMODOL

    Plaintiffs,

v.

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA ASSET ACCEPTANCE CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AF1, AMERICA'S SERVICING COMPANY,

    Defendants.

Civ. Action No. 16-2367-BRM-LHG

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court is Defendants HSBC Bank USA, National Association, as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificate, Series 2006-AF1 ("HSBC") and America's Servicing Company's ("Wells Fargo") (collectively, "Defendants") Motion to Dismiss Plaintiffs Jose Amodol and Denise Amodol's (the "Amodols" or "Plaintiffs") claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 27.) The Amodols oppose the Motion. (ECF No. 30.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, Defendants' Motion to Dismiss is **GRANTED**.

    **I.**   **FACTUAL AND PROCEDURAL BACKGROUND**

    For the purposes of these Motions to Dismiss, the Court accepts the factual allegations in the Complaint as true, considers any document "*integral to or explicitly relied upon* in the

complaint," and draws all inferences in the light most favorable to Plaintiff. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). This matter arises from a dispute over a Home Affordable Modification Program Trial Period Plan (the "Agreement") between the Amodols and Defendants, as well as foreclosure proceedings (the "Foreclosure Action") on the Amodols' residence at 440 Peter Forman Drive, Freehold, New Jersey (the "Property") filed in the Superior Court of New Jersey, Monmouth County ("State Court"). In instances where the Complaint does not include all pertinent facts, the Court gleans additional information regarding the Amodols' ownership of the Property and the Foreclosure from documents the parties filed in State Court, as included with their motion papers. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426. Courts may also consider publicly recorded documents, including a Mortgage and Assignment of Mortgage, and prior Court records, such as a Final Judgment and Writ of Execution, which are self-authenticating. F.R.E. 803(14).

On January 13, 2006, the Amodols executed a Note and Mortgage on the Property. (Compl. (ECF. No. 1) ¶ 7.) The Note was payable to Lancaster Mortgage Bankers ("Lancaster") in the amount of $570,000.00. (*Id.* ¶ 8.) On January 13, 2006, Lancaster assigned the Mortgage to HSBC. (Certif. of Aaron M. Bender, Esq. in Support of Defs.' Mot. to Dismiss ("Bender Certif.") Ex. C (ECF No. 27-5).) In August 2009,[1] the Amodols defaulted on the mortgage payments. (ECF No. 1 ¶ 9.) On December 14, 2010, HSBC filed the Foreclosure Action. (Bender Certif. Ex. D (ECF No. 27-6).) The Amodols attempted to obtain a loan modification through their own efforts and through the New Jersey Mortgage Foreclosure Mediation Program (the "Mediation Program").

---

[1] The complaint in the Foreclosure Action indicates the default took place in December 2008 (Bender Certif. Ex. D (ECF No. 27-6)), but the Amodols contend this is incorrect. (ECF No. 1 ¶ 9.) The distinction is immaterial to this Motion.

2

(ECF No. 1 ¶ 10.) On October 4, 2011, the Amodols and Defendants entered into the Mediation Program and continued to mediate until March 12, 2013. (*Id.* ¶ 11.)

On October 31, 2013, the Amodols filed an answer without counterclaims in the Foreclosure Action. (Bender Certif. Ex. H (ECF No. 27-10).) On January 6, 2014, the State Court granted leave to the Amodols to move to amend their answer to assert counterclaims, and on January 15, 2014, the Amodols filed the motion seeking to assert counterclaims related to loan modification and mediation. (Bender Certif. Exs. I and J (ECF Nos. 27-11 and 27-12).) On September 17, 2014, the State Court issued a consent order in which the Amodols waived "any and all claims and defenses." (Bender Certif. Ex. K (ECF No. 27-13).)

The Amodols and Defendants continued to discuss loan modification, and the Amodols were approved to enter into the Agreement.[2] (Bender Certif. Ex. L (ECF No. 27-14).) The Agreement required the Amodols to make payments of $4409.91 on February 1, March 1, and April 1, 2015. (*Id.*) The notice stating the terms of the Agreement (the "Notice") provided:

> Please note that your trial period may extend beyond the dates provided. For that reason, continue making your trial period payments in the same amount by the same day for each month you currently make your trial period payments until your home preservation specialist advises that you may move forward with a final modification or that you are no long eligible for [the Home Affordable Mortgage Program].

(*Id.*)

The Notice also informed the Amodols they may be denied a loan modification even if they made all of the trial plan payments. (*Id.*)

---

[2] The parties entered into the Agreement pursuant to the Home Affordable Mortgage Program, which Congress enacted "to address the residential mortgage foreclosure crisis by encouraging lenders to extend loan modifications to qualified mortgagors." *Arias v. Elite Mortg. Group, Inc.*, 108 A.3d 21, 22 (N.J. Super. Ct. App. Div. 2015) (citing *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556-57 (7th Cir. 2012)).

3

On June 22, 2015, HSBC informed the Amodols they were not approved for loan modification because of "title issues with [the] property." The Amodols made several attempts to determine the nature of the title issues to resolve them, and the issues were eventually resolved. (ECF No. 1 ¶¶ 21-31.) Despite the resolution of the title issues, the Amodols were denied a loan modification. (*Id.* ¶ 32.) On November 20, 2015, HSBC applied for entry of final judgement in the Foreclosure Action. (*Id.* ¶ 42.) On December 7, 2015, before the State Court granted final judgment in the Foreclosure Action, the Amodols filed objections in the Foreclosure Action in which they alleged they "made 8 payments towards [the Agreement] and was [sic] subsequently denied a permanent modification." (Bender Certif. Ex. O (ECF No. 27-17).) The Amodols appealed the denial of a permanent loan modification, but they had not received a response as of January 9, 2016, when the State Court granted final judgment to HSBC in the Foreclosure Action.[3] (ECF No. 1 ¶¶ 33-42.)

On April 27, 2016, the Amodols filed the Complaint asserting claims for: (1) breach of contract (Count One); violations of the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, *et seq.* (Count Two); violations of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024, 12 U.S.C. § 2605.61 (Count Three); and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e (Count Four). (ECF No. 1.)

On June 29, 2016, HSBC and Wells Fargo filed a Motion to Dismiss. (ECF No. 6.) On January 9, 2017, the Court administratively terminated that Motion pending a status conference. (ECF No. 21.) On March 21, 2017, the Court held a status conference with the parties. (ECF No. 26.) On April 4, 2017, HSBC and Wells Fargo again moved to dismiss the claims against them

---

[3] On April 17, 2017, the Amodols' appeal was denied, according to their opposition to Defendants' Motion. (ECF No. 32 at 3.)

4

pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 27.) The Amodols oppose the Motion. (ECF No. 30.)

## II. LEGAL STANDARDS

Defendants move to dismiss the Complaint on the grounds the Court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6). (ECF No. 27.) "Caution is necessary because the standards governing the two rules differ markedly, as Rule 12(b)(6) provides greater procedural safeguards for plaintiffs than does Rule 12(b)(1)." *Davis v. Wells Fargo*, 824 F.3d 333, 348-49 (3d Cir. 2016).

### A. Federal Rule of Civil Procedure 12(b)(1)

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis*, 824 F.3d at 346. A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id*. (citing *Petruska v. Gannon Univ*., 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id*. (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348-49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id*.

Here, Wells Fargo is asserting a facial 12(b)(1) challenge. *See Frame v. Lowe*, Civ. No. 09-2673, 2010 WL 503024, at *5-6 (D.N.J. Feb. 8, 2010) (analyzing a *Rooker-Feldman* challenge as a facial attack on subject matter jurisdiction). Therefore, the Court considers the allegations in the light most favorable to Plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

**2. Federal Rule of Civil Procedure 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Philips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

6

allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DECISION

### A. The *Rooker-Feldman* Doctrine

Defendants move to dismiss pursuant to Rule 12(b)(1) on the grounds this Court lacks subject matter jurisdiction over the Amodols' claims. (Br. in Support of Ds.' Mot. to Dismiss (ECF No. 27-1) at 12-13.) Defendants argue the *Rooker–Feldman* doctrine bars the Amodols' claims, because those claims essentially attack the underlying state court order of foreclosure. (*Id.* (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).) Pursuant to *Rooker-Feldman*, federal district courts lack subject matter jurisdiction to review and reverse state court judgments. *In re Knapper*, 407 F.3d 573, 580 (3rd Cir. 2005). *Rooker–Feldman* serves to bar a claim when: (1) the federal claim was actually litigated in state court before the plaintiff filed the federal action or, (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* The Third Circuit has held a federal claim is "inextricably intertwined" with an issue adjudicated by a state court when: "(1) the federal court must determine . . . the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Walker v. Horn*, 385 F.3d 321, 330 (3d Cir. 2004)). Significantly,

> [f]our requirements must be met for the [*Rooker-Feldman*] doctrine to apply: (1) the plaintiff lost in state court; (2) the plaintiff complains of injury caused by the state court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the plaintiff invites the district court to review and reject the state court judgment.

*Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 50–51 (3d Cir. 2013) (citing *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010)). Where, on the

other hand, the federal plaintiff presents "some independent claim, albeit one that denies a legal conclusion that a state court has reached," the doctrine does not apply. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005) quoted in *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547–48 (3d Cir. 2006)). In such an instance, jurisdiction is confirmed and the court should then consider "whether the defendant prevails under principles of preclusion." *Exxon Mobil*, 544 U.S. at 292.

HSBC and Wells Fargo argue the Amodols' claims are an effort to challenge the State Court's decision in the Foreclosure Action. (ECF No. 27-1 at 11.) The Amodols contend *Rooker-Feldman* does not bar their claims, because the final judgment in the Foreclosure Action "was in no way dispositive of any of the claims presented in this case." (Pls.' Br. in Opp. to Mot. to Dismiss (ECF No. 32) at 4.) The Amodols argue their claims in this case stem from Defendants' breach of the Agreement, not from the Foreclosure Action. (*Id.*)

The Court finds all four *Rooker-Feldman* factors are satisfied and Plaintiff's claims are barred. . *See Gage*, 521 F. App'x at 50–51. The first requirement, that plaintiff lost in state court, is satisfied, because the State Court entered final judgment in HSBC and Wells Fargo's favor in the Foreclosure Action. (ECF No. 1 ¶ 42.) The second requirement is also met, as the Amodols complain of an injury caused by the State Court judgment, namely the fact the Agreement was terminated and Defendants were permitted to foreclose on the Property. In fact, the Complaint seeks "an Order requiring reinstatement of the [Agreement] and expected final [loan] modification," as well as "a preliminary injunction staying the state court foreclosure proceedings." (*Id.* at Request for Relief.) Furthermore, the Amodols already raised their arguments concerning the Agreement in the Foreclosure Action. Specifically, they filed objections in the Foreclosure Action in which they alleged they "made 8 payments towards [the Agreement] and

was [sic] subsequently denied a permanent modification." (Bender Certif. Ex. O (ECF No. 27-17).) The third requirement, that the state court judgment was rendered before the federal suit was filed, is met, because the State Court entered final judgment in the Foreclosure Action on January 8, 2016, several months before the Amodols filed this case. (ECF No. 1 ¶ 42.) Finally, the Amodols essentially invite this Court to overturn the State Court's decision in the Foreclosure Action. *See Gage v. Wells Fargo Bank, N.A. AS*, No. Civ. A. 11-862 FLW, 2011 WL 4073877, at *5 (D.N.J. Sept. 9, 2011), *aff'd sub nom.*, *Gage v. Wells Fargo Bank, NA*, 450 F. App'x 121 (3d Cir. 2011), and *aff'd sub nom.*, *Gage*, 521 F. App'x at 49 (finding *Rooker-Feldman* barred claims that followed a foreclosure where "the Complaint claim[ed] that Wells Fargo . . . does not have any 'rights' to foreclose on [p]laintiff's property.") Indeed, the Amodols ask the Court to compel HSBC and Wells Fargo to resume the loan modification Agreement. (ECF No. 1. at Request for Relief.) The Court finds it significant that the Amodols' opposition to this Motion makes no mention of the fact the State Court considered and rejected their arguments concerning Defendants' alleged failure to honor the Agreement and permanently modify their loan.

The Court finds *Rooker-Feldman* bars Plaintiff's claims, and the Court lacks subject matter jurisdiction over the Amodols' claims. HSBC and Wells Fargo's Motion to Dismiss pursuant to Rule 12(b)(1) is **GRANTED**.

### B. Wells Fargo's Motion to Dismiss Pursuant to Rule 12(b)(6)

As the Court does not have subject matter jurisdiction over the Amodol's claims, it cannot reach the merits of their claims. *Larsen v. Senate of the Commw.*, 152 F.3d 240, 245 (3d Cir. 1998) ("A court that is without proper jurisdiction cannot proceed at all, and must merely note the jurisdictional defect and dismiss the suit.")

**IV. CONCLUSION**

For the reasons set forth above, HSBC and Wells Fargo's Motion to Dismiss Pursuant to Rule 12(b)(1) is **GRANTED** and the claims against them are **DISMISSED WITH PREJUDICE**. An appropriate Order will follow.


**Date: January 10, 2018**                               */s/ Brian R. Martinotti*
                                                         **HON. BRIAN R. MARTINOTTI**
                                                         **UNITED STATES DISTRICT JUDGE**